Giffen, J.
The court issued a writ of mandamus to compel the justice, plaintiff in error,to accept a surety offered on an appeal bond for the sum of $70.
It appears from the testimony that the surety was the owner of a house and lot valued at $2,300, upon which there was a mortgage amounting at that time to $1,160. He was forty years of age, his wife thirty-four years, and together with their four children resided on the premises. It is claimed by plaintiff in error that by reason of the homstead exemption and the wife’s right of dower, the surety offered had no property liable to execution.
Section 4953, Revised Statutes, provides — ■
“Sureties must be residents of this state, and worth, in the aggregate, double the sum to be secured, beyond the amount of their debts, and have property liable to execution in this state equal to the sum to be secured.”
An execution may be levied upon a family homestead,notwithstanding the exemption and the right of dower, but can only be enforced subject to such rights. If, therefore, the exemption and dower will, together, if claimed, consume the entire property, then the surety has not property liable to execution within the meaning of section 4953, Revised Statutes, and the justice would be justified in refusing to accept him.
In this case the value of the property in excess of the mortgage lien was $1,140. If the wife joined her husband in the execution of the mortgage, the lien would preclude the allowance of a homestead to either of them, while a levy of execution upon a judgment recovered on the appeal bond would not; and upon sale of the premises after payment of *361 the mortgage, the head of the family or the wife would be awarded five hundred dollars in lieu of homestead. The same result would follow if the husband executed the mortgage before marriage (section 5440, Revised Statutes). Again if we confine our estimate to the tables of mortality alone,the value of her contingent right of dower is $103.77.
Renner, Gordon & Renner, for Plaintiff in Error.
Charles M. Hepburn, contra.
In Mandel v. McClave, 46 Ohio St., 407, the first proposition of the syllabus is as follows:
“The contingent right of a wife, during her husband’s life, to be endowed of his real estate at his death, is property having a substantial value that may be ascertained with reasonable certainty from established tables of mortality, aided by evidence respecting the state of health and constitutional vigor of the husband and wife respectively.”
If the husband was in ill health and with a weak constitution, the wife’s contingent right of dower would be increased in value. The bill of exceptions discloses no evidence as to the state of health of the husband or wife, or as to whether the latter executed the mortgage, and without which facts it can not be determined whether the surety had any property liable to execution, or from which the amount of the judgment could be realized. Had the testimony shown that the husband and wife were entitled to $500 only in lieu of homestead, and that the contingent dower was. valued only at $103.77, then clearly there could be no reason for rejecting the security offered,and the writ should issue. Judgment reversed and cause remanded.